IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOSEPH MICHAEL MILLER,

    Plaintiff,

v.                                         No. 15-1095

SPENCER GIFTS, LLC,

    Defendant.
_____

ORDER ADOPTING REPORT AND RECOMMENDATION WITH MODIFICATION
AND DISMISSING CASE FOR FAILURE TO PROSECUTE
_____

        The Plaintiff, Joseph Michael Miller, initially brought this *pro se* action on April 22, 2015, against Defendant, Spencer Gifts, LLC, alleging copyright infringement. (D.E. 1.) On October 30, 2015, the Defendant moved for dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 10.) When Miller failed to respond to the motion, United States Magistrate Judge Edward G. Bryant entered an order noting Plaintiff's failure to respond to the motion and directing him to show cause why sanctions, including dismissal, should not be imposed "for failure to comply with orders of the Court." (D.E. 12.) At that time, Miller had not failed to comply with any orders of the Court. He did not, however, respond to the show cause order.

        On January 6, 2016, the magistrate judge entered a report and recommendation in which he recommended that, "[a]s a result of the failure of Plaintiff to respond, including his failure to communicate with the Court, the undersigned recommends that the Defendant's motion to dismiss pursuant to Rule 12(b)(6) . . . be GRANTED." (D.E. 13 at 1.) No objections have been filed and

1

the time for such objections has passed.

Fed. R. Civ. P. 72 permits the district court to "accept, reject, or modify the recommended disposition" of the magistrate judge. Fed. R. Civ. P. 72(b)(3). Here, the undersigned agrees with the magistrate judge and ADOPTS the recommendation to dismiss the case, albeit for a different reason.

Rule 41, Fed. R. Civ. P., permits a district court to dismiss an action if a plaintiff fails to prosecute or comply with court orders. Fed. R. Civ. P. 41(b). While the Rule "does not expressly provide for a *sua sponte* dismissal . . ., it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)." *Rogers v. City of Warren,* 302 F. App'x 371, 375 n.4 (6th Cir. 2008). "The rule allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (per curiam). The factors relevant to a determination under Rule 41(b) include

> (1) [w]hether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

As to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (internal quotation marks omitted). It appears from the docket that Miller has done nothing to move this case forward since its initial filing. Thus, in the Court's view, this factor weighs in favor of dismissal.

*See McCall v. Cort Furniture Rental,* No. 13-2475-STA-tmp, 2014 WL 4929324, at *2 (W.D. Tenn. Oct. 1, 2014) (*pro se* plaintiff's repeated failure to respond to motions and court orders militated in favor of dismissal).

While there is no indication on the docket that Spencer Gifts, LLC, has taken any action in the case since filing its motion to dismiss, Miller's complete failure to prosecute his lawsuit is prejudicial to Defendant's desire to see the case disposed of in an expeditious manner. Thus, this factor also supports dismissal. *See WRK Rarities, LLC v. United States,* No. 4:13cv791, 2014 WL 7507282, at *2 (N.D. Ohio Nov. 26, 2014) (*pro se* plaintiff's delay in prosecuting case prejudiced defendant's desire to dispose of the case in a timely fashion).

The third factor has also been satisfied. In his order to show cause, Judge Bryant clearly warned the Plaintiff that his failure to respond thereto could result in dismissal of his case. He was also cautioned in orders entered April 23 and October 9, 2015, that failure to comply with orders of the Court could result in dismissal. (D.E. 5 at 2, 6 at 2.) While lesser sanctions have not previously been imposed, the Court can conceive of no such sanction that would encourage the Plaintiff to pursue his case. *See Ransaw v. Lucas*, No. 1:09-cv-2332, 2014 WL 5341678, at *4 (N.D. Ohio Oct. 20, 2014) ("Plaintiff's complete failure to prosecute this action renders any other sanction either impossible to impose or futile"; thus, fourth factor favored dismissal). This factor is supported by Miller's failure to file any objection to the report and recommendation recommending that this matter be dismissed. Accordingly, the Court finds dismissal appropriate on Rule 41(b) grounds and ADOPTS the magistrate judge's report and recommendation with that modification. The complaint is DISMISSED in its entirety.

IT IS SO ORDERED this 27th day of January 2016.

                                                       s/ J. DANIEL BREEN
                                                       CHIEF UNITED STATES DISTRICT JUDGE